# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

May 7, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE A. BUZZARD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1007** (BOR Appeal No. 2046967)
                        (Claim No. 2012012738)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PRINCESS BEVERLY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce A. Buzzard, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jay W. Craig, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 1, 2012, in which the Board reversed a February 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 25, 2011, decision rejecting the claim for left ulnar palsy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Buzzard worked as a loader and heavy equipment operator for Princess Beverly Coal Company. Mr. Buzzard's job required him to operate heavy equipment with his elbows bent and his arms flexed. His job also subjected his hands and arms to heavy vibrations. Mr. Buzzard stopped working on March 19, 1999. Following his employment, he began developing tingling and numbness in both hands and forearms. On August 28, 2001, Joe Othman, M.D., performed electromyogram (EMG) and nerve conduction studies (NCS) on Mr. Buzzard's left upper extremity. The testing revealed evidence of left carpal tunnel syndrome but no further injuries. Dr. Othman tested Mr. Buzzard again on February 16, 2010, and the EMG and NCS testing revealed left ulnar neuropathy. Yogesh Chand, M.D., then evaluated Mr. Buzzard and found that he had tardy ulnar palsy in the left elbow. Dr. Chand also found that Mr. Buzzard had received a prior occupational injury on February 19, 1979, which resulted in a contusion of the left elbow. Dr. Chand found that Mr. Buzzard's work conditions at Princess Beverly Coal Company were consistent with his ulnar palsy. However, Dr. Chand believed that Mr. Buzzard's ulnar palsy was related to the left elbow injury he sustained in 1979. On October 6, 2011, Mr. Buzzard filed an application for workers' compensation benefits. His application stated that he had developed tardy ulnar palsy from repetitive use of his left elbow in the flexed position while operating heavy equipment at Princess Beverly Coal Company. The physician's portion of the application was filled out by Paul Oar, M.D., who concluded that this was an occupational injury. On October 25, 2011, the claims administrator rejected Mr. Buzzard's application. The claim administrator stated that Mr. Buzzard had failed to meet the requirement under West Virginia Code § 23-4-15(c) (2010) that an initial filing be made within three years from the date of last exposure. The claims administrator also stated, based on Dr. Chand's report, that the condition related to a prior injury. But on February 24, 2012, the Office of Judges reversed the claims administrator's decision and held Mr. Buzzard's claim compensable. The Board of Review then reversed the Order of the Office of Judges on August 1, 2012, leading Mr. Buzzard to appeal.

The Office of Judges concluded that Mr. Buzzard's application was timely filed. The Office of Judges found that Mr. Buzzard had met the requirement of West Virginia Code § 23-4-15(c) because he filed his claim for tardy ulnar palsy within three years of being diagnosed with the occupational condition. The Office of Judges found that Mr. Buzzard was first informed that he had the condition on October 12, 2010, and that he filed his application for benefits on October 6, 2011, which was within three years of the initial diagnosis.

The Office of Judges also concluded that Mr. Buzzard sustained the disease of left elbow tardy ulnar palsy in the course of and resulting from his employment. The Office of Judges found that Dr. Chand's report was the most persuasive evidence in the record regarding the issue of compensability. The Office of Judges further found that Dr. Chand believed that Mr. Buzzard has some residual impairment of the left elbow as a result of the 1979 elbow contusion. However, the Office of Judges interpreted his report to say that Mr. Buzzard had an elbow contusion in 1979 and then, due to the repetitive vibration and awkward use of his elbow while working at Princess Beverly Coal Company, he developed the condition of tardy ulnar palsy.

The Board of Review reversed the Order of the Office of Judges and concluded that Mr. Buzzard failed to sustain his burden in proving that he sustained an occupational disease or

occupational injury. The Board of Review found that Mr. Buzzard last worked on March 19, 1999, and that he filed his claim on October 6, 2011. The Board of Review found that the EMG and NCS studies performed on August 28, 2001, did not show left ulnar palsy. However, it found that when the studies were repeated on February 16, 2010, almost eleven years after Mr. Buzzard's last day of work, there was evidence of left ulnar neuropathy in the elbow. The Board of Review stated that Dr. Chand's report was not persuasive because it provided conflicting opinions regarding the cause of Mr. Buzzard's condition. The Board of Review found that Dr. Chand attributed Mr. Buzzard's condition to the left elbow contusion he sustained in 1979 and alternatively to his use of heavy equipment at Princess Beverly Coal Company. The Board of Review also found that the remainder of the medical evidence was not reliable because it did not explain how Mr. Buzzard developed the condition of ulnar palsy approximately eleven years after he stopped working at Princess Beverly Coal Company.

The decision of the Board of Review is based on a material misstatement or mischaracterization of Dr. Chand's report. Although Dr. Chand's report relates the left ulnar palsy to his 1979 elbow contusion, he clearly states that Mr. Buzzard's documented vibrational and awkward use of his left elbow while he worked for Princess Beverly Coal Company contributed to the condition. Mr. Buzzard has presented sufficient evidence to show that his left ulnar palsy was sustained in the course of and resulting from his employment. Dr. Oar also related Mr. Buzzard's condition to his occupation. The electrodiagnostic evidence in the case demonstrates that Mr. Buzzard has tardy ulnar palsy in the left elbow, and his testimony provides a sufficient causal connection between his work and this condition to hold his claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the February 24, 2012, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II dissents and files a separate opinion.

Mr. Buzzard has failed to show a causal connection between his left ulnar palsy and his employment. Mr. Buzzard last worked for Princess Beverly Coal Company on March 19, 1999. The Board of Review correctly pointed out that his left ulnar palsy condition was not diagnosed until nearly eleven years after his date of last employment. Although Dr. Chand diagnosed Mr. Buzzard with tardy ulnar palsy, he believed the condition was the result of a left elbow injury suffered by Mr. Buzzard in 1979. There is simply insufficient evidence in this case to demonstrate that Mr. Buzzard developed left ulnar palsy in the course of and resulting from his employment.

In view of the foregoing, I respectfully dissent.

4